JAMES S. AND JOHN WEVER *vs.* BALTZELL & DAVIDSON, GARNISHEES OF McCAFFREY.—*December*, 1834.

J & W as creditors of M, a non-resident, sued out of the county court an attachment against the goods, chattels, and credits of M, which was laid in the hands of B, who appeared, pleaded *non-assumpsit* by M, and *nulla-bona* as to himself. At the trial of the issues upon those pleas, it appeared in proof, that J and W were citizens of *Maryland*, but because the affidavit on which the attachment issued, did not state that both of the plaintiffs were citizens of the State of *Maryland*, nor of the *United States*, nor residents therein, IT WAS HELD, that the plaintiff could not recover.

Under the act of 1795, *ch.* 56, *sec.* 1, to warrant the issuing of an attachment, the affidavit of the plaintiff must state that he is a citizen of this State, or of some other of the *United States.*

Under the act of 1825, *ch.* 114, the jurisdiction of the courts, upon the subject of attachments to compel appearances, is extended to any inhabitant or inhabitants, resident or residents of any part of the *United States*, whether of one of the States, or of the *District of Columbia*, or other territories, and who by the existing laws of this State, may be entitled to sue out mesne process; therefore in order to give jurisdiction, the plaintiff must be brought by his affidavit within the class of persons described in this act.

Under our attachment law, our courts exercise a limited jurisdiction, and their right to exercise it depends upon the conformity of the original proceedings with the acts of the legislature; advantage of the want of jurisdiction may be taken by the garnishee at the trial.

APPEAL from *Baltimore* county court.

This was an attachment on warrant, issued under the act of 1795, *ch.* 56, by the appellants, to recover the amount of two notes drawn by *McCaffrey*, in their favor for the sums of $322 06, and $210, one at thirty, and the other at sixty days from February 9th, 1832. The attachment issued on the 14th of April, 1832, on the following affidavit of one of the appellants, "personally appeared before me, the subscriber, a justice of the peace, &c., *James S. Wever*, a citizen of the State of *Maryland*, and made oath, that *Bernard McCaffrey*, is justly and *bona fide* indebted unto him, and his partner, *John Wever*, merchants, trading under the firm of *James*

*S. & John Wever*, in the sum of, &c., and at the same time produced to me, &c."

The appellees, the garnishees appeared, and pleaded *non assumpsit* by *McCaffrey, and nulla bona*, to which there were issues.

It was admitted at the trial that the notes were signed by *McCaffrey*, and that when the affidavit was made, and the attachment issued, both the plaintiffs were citizens of the State of *Maryland*, doing business in the city of *Baltimore*, and residing therein; and that the garnishees held a fund in their hands belonging to *McCaffrey*.

The defendants then prayed the court to instruct the jury, that the plaintiffs are not entitled to recover, because the affidavit on which the attachment issued, does not state on its face, that *John Wever*, one of the plaintiffs, and partner of the said *James S. Wever*, is, or was a citizen of the State of *Maryland*, or of the *United States*, or resident therein; which instruction the court (Purviance, A. J.) gave, and the verdict and judgment being for the defendants, the plaintiffs appealed.

The cause came on to be argued before Buchanan, Ch. J., and Stephen, Dorsey, and Chambers, J's.

*McMahon* and *Lloyd*, for the appellants.

The act of 1795, *ch.* 56, does not require that the citizenship of the creditor should appear in the affidavit. That fact need not appear to the magistrate, and his certificate to that effect is of course unnecessary. The only proof to be made before that officer, is the existence of the debt, and the absconding, &c., of the debtor. Jurisdiction it is true must exist at the commencement of the proceeding, but there is no reason, why the fact which confers it, may not be subsequently disclosed. In the federal courts, it is sufficient if the jurisdiction appears at any time before the trial. It need not be apparent in the original writ. 2 *Peters S. C. R.* 556. Nor is it indispensable that the subsequent pleadings should

disclose it, it being sufficient if it appear by the proof. 1 *Kent Com.* 324. 10 *Wheat.* 188. 4 *Harr. and McHen.* 291. 2 *Wash. C. C. R.* 382. But at all events, the affidavit, which is the institutory process, need not show the jurisdiction. It may be *shown* in the declaration, and if omitted, may be introduced by amendment. The affidavit was only required to prevent abuse of the process, and if it stated the fact of citizenship, would not be proof of it. *Mandeville vs. Jarrett,* 6 *Harr. and Johns.* 497. The certificate of the justice cannot be viewed as a part of the pleadings, for if so, it would be amendable, as all pleadings are.

In the case of *Shivers vs. Wilson,* 5 *Harr. and Johns.* 130, the plaintiff failed to recover, not because of the defectiveness of the affidavit, but because he failed or refused to prove the necessary fact at the trial. The defect was in the proof, and not in the statements of the affidavit. And in the case of *Yerby vs. Lackland,* 6 *Harr. and Johns.* 446, the court referred to the facts as they appeared in the evidence, from which it is fairly inferable that if the necessary fact had been found there it would have been sufficient.

2. But admitting that the right to the process of attachment should appear in the affidavit, still the plaintiffs in this case are entitled to recover, as the certificate of the justice shows that one of them is a citizen of the State.

The principles which have governed the federal courts, in regard to suits between citizens of different States should have no influence upon the construction of our attachment laws. In order to entitle parties to sue in the federal courts, all the plaintiffs must be non-residents of the State of which the defendant is a citizen. If any of them are citizens of the same State with the defendant, the object of giving jurisdiction to the courts of the *United States* does not exist, which was to protect non-residents from the apprehension that the authorities of the respective States might adopt a course of legislation partial to their own citizens, in their controversies with foreigners. But if any of the plaintiffs reside in the same State with the defendant, this danger

cannot exist, because laws aimed at the interests of the non-resident plaintiff, would also prejudice the resident plaintiff; which if there be any ground for the apprehension, would in all such cases ensure impartiality.

But the object of our attachment laws was to protect the rights of our own citizens, and the citizens of other States, and there is no reason why they should be deprived of the benefit of those laws, by the circumstance of their being associated with a foreign partner or creditor. It is surely more reasonable that the citizen creditor should extend the privilege to his foreign associate, than that his connection with the latter should deprive him of it.

The act of 1825, *ch.* 114, extends the right to sue out an attachment, to residents or inhabitants of the districts and territories, as well as to the citizens of the States.

*Johnson*, for the appellees.

The question is, whether the affidavit, on which the attachment issued, must not show that all the creditors are not citizens, or parties entitled to the benefit of the process. In the exercise of this power, the jurisdiction of the courts is limited, and must appear by the proceedings. 3 *Cranch.* 262. 1 *Wheat.* 91. 5 *Harr. and Johns.* 130. 6 *Harr. and Johns.* 446, 447. Unless the jurisdiction appears in this way, the proceeding may at any time be arrested on motion. If it does so appear, there must be a plea in abatement. In the case of *Mandeville vs. Jarrett*, 6 *Harr. and Johns.* 497, it was decided, that the fact of citizenship must be proved under the plea of *non-assumpsit;* and if so, it must be alleged, as the proof need never go beyond the allegations. If the fact of citizenship may be proved, without a corresponding allegation, then all the other requisites may likewise be proved without being averred; such as that the party made an affidavit at all, and that the cause of action was produced to the magistrate. In truth, the parties might go to trial without any allegation on either side, and the cause submitted to the jury without an issue, for them

to find, or guide for the court in deciding upon the relevancy of the testimony.

BUCHANAN, Ch. J., delivered the opinion of the court.

By the act of 1795, *ch.* 56, *sec.* 1, it is provided, that "if any person whatsoever, not being a citizen of this State, and not residing therein, shall, or may be indebted, unto a citizen of this State, or of any other of the *United States*, or if any citizen of this State, being indebted unto another citizen thereof, shall actually run away, abscond, or fly from justice, or secretly remove him, or herself, from his or her place of abode, with intent to evade the payment of his or her just debts, *such* creditor may in either case, make application to any judge, justice, &c.," and that "on the oath, or affirmation (which oath, or affirmation is prescribed by the act,) of *such* creditor, made before any judge, &c." the said judge, justice, &c., shall issue his warrant to the clerk to issue an attachment against the lands, tenements, goods, chattels, and credits of the debtor; upon the receipt of which warrant, together with the proofs on which it was granted, the clerk is required to issue an attachment. The third section requires that upon the issuing of every such attachment, there shall be issued therewith, a writ of *capias ad respondendum* against the defendant, and that a declaration or short note expressing the plaintiff's cause of action shall be filed, and a copy thereof sent with the writ, to be set up at the court house door by the sheriff. And the fourth section provides, that the garnishee may plead in behalf of the defendant, any such plea, or pleas, as he might have pleaded if he had been taken under the writ of *capias ad respondendum*, and had appeared thereto. It is not every creditor, that under that act, would be entitled to the process of attachment, nor under all circumstances; but such a creditor only, as is therein described: *a citizen of this State, or of some other of the United States.*

Not only was the remedy by attachment confined to a citizen of this State, or some other of the *United States*,

but being a privilege extended to that description of credi-
tors only, it was necessary that a plaintiff, seeking the ben-
efit of that peculiar privilege, should be stated in the pro-
ceedings to be a citizen of this State, or of some other of the
*United States,* to bring the case within the purview of that
act, and thus to give jurisdiction to the judicial tribunals of
the State, which they had not in the case of a creditor of any
other description; and being thus restricted and limited in
their jurisdiction, could only entertain a case brought with-
in the pale of the act, by describing the plaintiff upon the
face of the proceedings, to be the *peculiar* creditor entitled
by its provisions to the process of attachment; the question
of jurisdiction in all cases of special and limited jurisdic-
tion, depending upon the case made and presented by the
proceedings.   Hence the necessity in proceedings under
that act for describing the plaintiff as being a citizen of
this State, or of some other of the *United States,* and the
defendant as an absconding citizen of the State, or as not
being a citizen of the State, and not residing therein; (they
being alone, the description of persons embraced by the act,
except in cases of attachments founded upon judgments, in
relation to whom the process of attachment was authorised,
and jurisdiction conferred on the courts of the State,) to
give jurisdiction by presenting on the face of the proceed-
ings, a case within the provisions of the act.   And this
seems clearly and peculiarly to be required by the very
nature of the proceedings in attachment, under the several
laws of this State.   In the language of the act of 1795, *ch.*
56, *sec.* 1, "such creditor may make *application to any
judge, justice, &c.*" and on the oath, or affirmation of such
*creditor, made before any judge, justice, &c.*" the said judge
or justice, &c. shall issue his warrant to the clerk to issue
an attachment, &c.*   Such creditor: what creditor? why a
citizen of this State, or of some other of the *United States,*
the creditor before described in the act.   The judge, or
justice, therefore, is only authorised under that act, to grant
his warrant for issuing the attachment in the case of *such a*

*creditor.* And the oath, or affirmation of the creditor, accompanied by the cause of action, (which is also required to be produced,) being alone the ground or evidence upon which the warrant is issued, the citizenship of the plaintiff, and also of the defendant, or the non-residence of the defendant, as the case may be, must be stated in the oath or affirmation, otherwise, there would be nothing to show the jurisdiction or authority of the judge or justice, for issuing the *warrant;* the declaration, or short note required to be filed, upon the issuing of the *capias ad respondendum* against the defendant, being *subsequent* to the *warrant* for issuing the attachment, furnishing of course, no ground or authority for granting the *warrant,* and its only office being to express the plaintiff's cause of action, and that after the *warrant* has been issued. And if there be no foundation laid to support the *warrant,* what ground would there be for the *attachment* (the fruit of the warrant) to rest upon. Again, under the act of which we have been speaking, and the act of 1715, *ch.* 40, *sec.* 3, to which it is a supplement, on the return by the sheriff of the attachment, and of *non est inventus* to the *capias ad respondendum,* if the defendant should not then appear, nor the garnishee, in whose hands the goods, &c. of the defendant were attached, to show cause to the contrary, the court is required to condemn the goods, &c. attached. But unless the citizenship of the parties, or in relation to the defendant, his not being a citizen of the State, and not residing therein, (as the case may be,) appears upon the face of the proceedings to show the authority of the judge or justice, to grant the warrant upon which the attachment was issued, and to give jurisdiction to the court, (which can only be by a statement in the oath or affirmation of the plaintiff; which, with the production of his cause of action is the prescribed authority of the judge or justice for his issuing his *warrant,* and the only proof required,) the judgment of condemnation for any thing appearing in the record, might be at the suit of an alien, not embraced by the 1st section of

the act of 1795, *ch.* 56, and to whose case, the jurisdiction of the courts of this State does not extend in proceedings under that section; but is limited to the description of persons therein mentioned.   Without such a statement therefore, there could not be a judgment of condemnation, for the want of jurisdiction being given by the proceedings, and appearing in the record; no more than in the case of a petition, &c. in a court of limited jurisdiction.   And it is no answer to say that the fact of citizenship, &c. may be proved at the trial, on the appearance and pleading by the garnishee.   That is true, and to sustain the suit it must be proved.   But if jurisdiction is not given to the court by the previous proceedings, the appearance and pleading by the garnishee cannot give it, and the proof and trial would be *coram non judice*, and judgment would be arrested on motion, after verdict for the plaintiff.   There can be no recovery against a garnishee in a case in which, for the want of jurisdiction appearing upon the record, the goods of the defendant could not have been condemned.   A court that would be constrained to quash an attachment, for the want of jurisdiction being given by the proceedings on which it is founded, cannot entertain jurisdiction against a garnishee coming in under the same proceedings.   The condemnation of the goods, and the recovery against the garnishee, are only different actions of the court in the same case, and if the case itself as stated, does not give jurisdiction for the purpose of condemnation of the goods attached, it cannot for the purpose of a recovery against the garnishee, on the evidence given at the trial, being only proof taken in a case not brought by any statement in the proceedings within the jurisdiction of the court.

We had supposed that this question had been settled by the decisions of this court.   *Shivers vs. Wilson*, garnishee of *Walker, et al.*, 5 *Harr. and Johns.* 130, was a case of attachment in which *Shivers*, the plaintiff, was described as being a *citizen of the United States*.   *Wilson*, the garnishee, appeared 'and pleaded *non assumpsit*, by *Walker*,

*et al.* and *nulla bona;* and the court at the trial instructed the jury on the prayer of the garnishee, that the citizenship of the plaintiff was not sufficiently set forth in the attachment, and that the plaintiff was not entitled to recover, without giving evidence to the jury to satisfy them that he was a citizen of this State, or some other of the *United States;* as a man may be a citizen of *the United States*, but residing in the *District of Columbia,* or some one of the territories, and not a citizen of *this State*, or of *any other of the United States*, of which there was no proof. And on an appeal to this court by the plaintiff, against whom there was a verdict and judgment, the judgment of the court below was affirmed. It was supposed in the argument of *this* cause, that that case decides no more, than that it was incumbent on the plaintiff to *prove* that he was a citizen of *this State*, or of *some other of the United States;* and that such proof would have been sufficient without its being stated in the proceedings.

We do not so understand it; and it will be seen that the judge who delivered the opinion of this court, asserts in the whole course of his argument, the necessity for setting out in the proceedings the citizenship of the plaintiff, according to the description given in the act of 1795, in order to give jurisdiction, and that the case must by the *proceedings* disclose itself to be within the limited jurisdiction,—and assimilates it to the decisions of the Supreme court, upon similar expressions in the constitution of the *United States,* and the judiciary act of Congress in relation to suits in the courts of the *United States*, between citizens of different states, the amount of the decision being that it must be both stated and proved. In *Yerby vs. Lackland and others*, garnishees of *Beeding*, 6 *Harr. and Johns.* 446, the same principle is recognized; though in that case, in addition to the insufficiency of the description of the plaintiff, to bring the case within the provisions of the act of 1795, *ch.* 56, he appears in point of fact to have been a citizen in the *District of Columbia*. And in *Mandeville vs. Jarrett, 6 Harr. and*

*Johns.* 497, where the plaintiff is properly described as *being a citizen of this State, proof* also of his being a *citizen of this State* was held to be necessary.

Since then, the jurisdiction of the courts has been extended by the act of 1825, *ch.* 114; and by the first section of that act, it is made lawful for any inhabitant, or inhabitants, or resident, or residents, of any part of the *United States*, whether of one of the States, or of the *District of Columbia*, or other territories, and who by the existing laws of this State, may be entitled to sue out, and prosecute mesne process, to have, use, and prosecute the process by attachment. Not however extending the privilege to non-resident foreigners, but restricting it to *inhabitants or residents*, within the *United States.* The same necessity therefore, in order to give jurisdiction, still exists, for describing in the proceedings the plaintiff to be *an inhabitant or resident of the United States, &c.;* which before existed for describing him to be a *citizen of this State, or of some other of the United States.* In this case the plaintiffs appear to have been partners in trade, and the affidavit is made by one of them only, in which he is described as being a citizen of this State, without any notice being taken of the residence of the other; though it appears by admissions at the trial, that he was also a citizen of this State.

The garnishees appeared and pleaded *non-assumpsit* by the defendant, and *nulla bona;* and the court below, on the prayer of the garnishees, instructed the jury that one of the plaintiffs not being stated in the affidavit to be a citizen of *this State,* or of the *United States,* or a resident therein, they were not entitled to recover.

The special privilege of suing out attachments, being confined to inhabitants, or residents within the *United States,* it cannot be extended to plaintiffs of any other description, without a violation of law, and a usurpation of jurisdiction. And seeing that jurisdiction cannot be taken in a case of attachment, unless it be given by a statement in the affidavit, that the plaintiff, if there is but one, *is an inhabitant, or*

*resident within the United States;* so neither can it be taken when there are two or more joint plaintiffs, unless they are all stated in the affidavit to be *inhabitants, or residents within the United States.* Each must appear on the face of the proceedings, to be entitled and competent to sue out the process of attachment to give jurisdiction of the case. That would be our construction of the act of 1795, *ch. 56,* if there was no other. But the act of 1825, *ch.* 114, in extending the privilege to an *inhabitant,* or *inhabitants,* or *resident,* or *residents,* of any part of the *United States,* clearly contemplates the same proceedings, in the case of two or more joint plaintiffs, as in the case of a sole plaintiff; and means, that where there are two or more plaintiffs, they must all be *inhabitants,* or *residents* within the *United States.* Here one of the plaintiffs having a joint interest with the other, is not stated in the affidavit to be *an inhabitant, or resident within the United States.* As to him then, the case does not disclose itself by the proceedings to be within the limited jurisdiction of the courts of this State, nor present him as a person entitled to sue out an attachment.

The question is not, whether the plaintiffs had a right to attach, if they had proceeded properly, but whether they had proceeded properly. We think they have not, and the judgment will be affirmed.

JUDGMENT AFFIRMED.